IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN OFFICIAL LIQUIDATION), *et al.*, | Chapter 15 |
| Debtors in Foreign Proceedings. | Case No. 16-12925 (SCC) |
| | (Jointly Administered) |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P., | |
| Plaintiff, | Adv. Pro. No. 18-01650 |
| -vs- | **ANSWER** |
| MICHAEL M. GOLDBERG, | |
| Defendant. | |

---

Defendant Dr. Michael M. Goldberg ("Goldberg"), as and for his Answer to the Complaint in this Advisory Proceeding, alleges as follows, specifically including that there is no legal basis or merit to the "Turnover" or other claims asserted by Plaintiff Platinum Partners Value Arbitrage Fund L.P. ("PPVA") in its Complaint, given the fact that (i) all rights to the underlying and subject 5,418,850 shares of common stock of Navidea Biopharmaceuticals Inc. ("Navidea") had been transferred to Defendant Goldberg, on March 28, 2014, and (ii) all rights to the subject property, i.e. Warrants for 5,418,850 shares of common stock of Navidea (the "Warrants"), were irrevocably assigned by Plaintiff PPVA to Defendant Goldberg pursuant to a written assignment, dated October 1, 2015.

      1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 1 of the Complaint, and admits the allegations of the second sentence of said Paragraph.

2. Denies the allegations of Paragraph 2 of the Complaint, except refers to the alleged Orders for their terms and contents.

3. Admits the allegations of Paragraph 3 of the Complaint.

4. Denies the allegations of Paragraph 4 of the Complaint, except states that Plaintiff purports to assert such jurisdictional allegations.

5. Denies the allegations of Paragraph 5 of the Complaint, except states that Plaintiff purports to assert such venue allegations.

6. Denies the allegations of Paragraph 6 of the Complaint, except states that Plaintiff asserts such allegations.

7. Admits the allegations of Paragraph 7 of the Complaint.

8. Denies the allegations of Paragraph 8 of the Complaint, and states that Defendant Goldberg was CEO of Navidea from September 2016 through August 2018.

9. Denies the allegations of Paragraph 9 of the Complaint, except refers to the alleged Exchange Agreement and Form 8-K for their full terms and contents.

10. Denies the allegations of Paragraph 10 of the Complaint, except refers to the alleged documents for their full terms and contents.

11. Denies the allegations of Paragraph 11 of the Complaint, except refers to the alleged certificate for its terms and contents.

12. Denies the allegations of Paragraph 12 of the Complaint, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg, all rights in the Warrants pursuant to a written assignment dated October 1, 2015.

13. Denies the allegations of Paragraph 13 of the Complaint, except refers to the alleged statement for its terms and conditions, and further states that Plaintiff PPVA has

refused all of Defendant Goldberg's repeated requests that PPVA produce and deliver some documentary evidence establishing PPVA's ownership of the Warrants.

14. Denies the allegations of Paragraph 14 of the Complaint, except refers to the Orders for their complete terms and conditions, and, further, states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

15. Denies the allegations of Paragraph 15 of the Complaint, except refers to the alleged Order for its complete terms and conditions.

16. Denies the allegations of Paragraph 16 of the Complaint, except refers to the alleged Navidea's 2016 10-Q for its complete terms and conditions.

17. Denies the allegations of Paragraph 17 of the Complaint, except refers to the alleged Proxy Solicitation for its complete terms and conditions.

18. Denies the allegations of Paragraph 18 of the Complaint, except refers to the alleged Proxy for its complete terms and conditions, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

19. Denies the allegations of Paragraph 19 of the Complaint, except refers to the alleged subpoena for its terms and conditions.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint, except refers to the alleged subpoena for its terms and conditions, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and

Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

21. Denies the allegations of Paragraph 21 of the Complaint, except refers to the documents produced pursuant to the subpoena.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint, and states that Plaintiff PPVA has failed to produce any PPVA audited or unaudited financial documents, in response to numerous requests from Defendant Goldberg, evidencing any ownership by PPVA of the Warrants or underlying 5,411,850 shares of PPVA stock.

23. Denies the allegations of Paragraph 23 of the Complaint, except refers to any alleged demand for its complete terms and conditions.

24. Denies the allegations of Paragraph 24 of the Complaint, except states that there was no legal or factual basis to any such demand that Plaintiff PPVA has failed to produce any PPVA audited or unaudited financial documents, in response to numerous requests from Defendant Goldberg, evidencing any ownership by PPVA of the Warrants or underlying 5,411,850 shares of PPVA stock.

25. Defendant repeats each response herein to the allegations in Paragraphs 1 through 24 of the Complaint.

26. Denies the allegations of Paragraph 26 of the Complaint.

27. Denies the allegations of Paragraph 27 of the Complaint, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

28. Denies the allegations of Paragraph 28 of the Complaint.

29. Denies the allegations of Paragraph 29 of the Complaint, except refers to the Orders for their full terms and conditions.

30. Denies the allegations of Paragraph 30 of the Complaint, insofar as they purport to state a conclusion of law, and refers to the law cited therein.

31. Denies the allegations of Paragraph 31 of the Complaint.

32. Denies the allegations of Paragraph 32 of the Complaint, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

33. Denies the allegations of Paragraph 33 of the Complaint.

34. Denies the allegations of Paragraph 34 of the Complaint, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg, all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

35. Denies the allegations of Paragraph 35 of the Complaint, and states that any alleged demand was made approximately two years after the date ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg.

36. Denies the allegations of Paragraph 36 of the Complaint.

37. Denies the allegations of Paragraph 37 of the Complaint, and further states that there have been no "proceeds".

38. Defendant repeats each response herein to Paragraphs 1 through 37 of the Complaint.

39. Denies the allegations of Paragraph 39 of the Complaint, and states that any alleged demand was made approximately two years after the date ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg.

40. Denies the allegations of Paragraph 40 of the Complaint, and states that there was no legal or factual basis to any such demand given the fact that states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

41. Denies the allegations of paragraph 41 of the Complaint.

42. Denies the allegations of Paragraph 42 of the Complaint, except states that there was no legal or factual basis to any such demand given the fact that states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

43. Denies the allegations of Paragraph 43 of the Complaint.

44. Denies the allegations of Paragraph 44 of the Complaint.

45. Denies the allegations of Paragraph 45 of the Complaint.

46. Defendant repeats each response herein to Paragraphs 1 through 45 of the Complaint.

47. Denies the allegations of Paragraph 47 of the Complaint, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

48. Denies the allegations of Paragraph 48 of the Complaint.

49. Denies the allegations of Paragraph 49 of the Complaint.

50. Denies the allegations of Paragraph 50 of the Complaint, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

51. Denies the allegations of Paragraph 51 of the Complaint.

52. Defendant repeats each response herein to paragraphs 1 through 51 of the Complaint.

53. Denies the allegations of Paragraph 53 of the Complaint and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

54. .Denies the allegations of Paragraph 54 of the Complaint insofar as they seek to state a conclusion of law, and refers to the Orders, and states that ownership to the underlying 5,418,850 shares of Navidea common stock was transferred to Defendant Goldberg in March 2014, and Plaintiff PPVA irrevocably assigned to Defendant Goldberg all of its rights in the Warrants pursuant to a written assignment dated October 1, 2015.

54. Denies the allegations of Paragraph 54 of the Complaint insofar as they seek to state a conclusion of law, and refers to the actual law and order.

55. Denies the allegations of Paragraph 55 of the Complaint, insofar as they seek to state a conclusion of law, and refers to the actual law and order.

56. Denies the allegations of Paragraph 56 of the Complaint.

## FIRST DEFENSE

57. The Complaint fails to state a claim, in whole or in part, for which relief may be granted.

## SECOND DEFENSE

58. The Court lacks subject matter jurisdiction.

## THIRD DEFENSE

59. The alleged "PPVA Warrants" were not owned by and were not property belonging to Plaintiff PPVA at the time of the Liquidation.

## FOURTH DEFENSE

60. Plaintiff PPVA irrevocably assigned to Defendant Goldberg all rights to the Warrants pursuant to a written assignment, executed by Plaintiff PPVA and Defendant Goldberg dated October 1, 2015, almost one year before the date of the subject Liquidation herein.

## FIFTH DEFENSE

61. The Platinum Funds had previously irrevocably transferred to Defendant Goldberg ownership to the underlying 5,411,850 share of Navidea common stock (i) on March 24, 2014 pursuant to a Confidential Binding Term Sheet, which was (ii) re-confirmed on June 11, 2015 pursuant to a First Omnibus Amendment to the Confidential Binding Term Sheet (together, the "Binding Term Sheets").

## SIXTH DEFENSE

62. Defendant Goldberg has acted in good faith in reliance upon the written Assignment executed by Plaintiffs PPVA that irrevocably assigned and transferred to Defendant Goldberg all rights with respect to the Warrants dated October 2015.

### SEVENTH DEFENSE

63.     Defendant Goldberg has acted in good faith in reliance upon the Binding Term Sheets that irrevocably transferred to Defendant Goldberg all ownership to the underlying 5,411,850 share of Navidea common stock.

### EIGHTH DEFENSE

64.     Plaintiff PPVA admitted in written communication that Defendant Goldberg has owned the Warrants since October 2015.

### NINTH DEFENSE

65.     On October 17, 2016, Navidea re-issued to Defendant Goldberg a Warrant to purchase the same 5,411,850 shares of Navidea common stock, (i) ownership of which 5,411,850 shares of Navidea common stock had previously been transferred to Defendant Goldberg in connection with the Binding Term Sheets, and (ii) all rights with respect to the Warrant had previously been irrevocably transferred and assigned to Defendant Goldberg pursuant to the written Assignment executed by Plaintiff PPVA dated October 1, 2015.

### TENTH DEFENSE

66.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, after-acquired evidence and waiver.

### ELEVENTH DEFENSE

67.     Plaintiff's unclean hands include Plaintiff's seeking to sell, transfer, assign or otherwise dispose of Investments and other securities that were transferred to Defendant Goldberg pursuant to the Binding Term Sheets.

### TWELFTH DEFENSE

68.     Plaintiff has not suffered any damages.

## THIRTEENTH DEFENSE

69. Plaintiff's claims are barred, in whole or in part, to the extent that they were not filed within the applicable statute of limitations and/or applicable filing periods.

## FOURTEENTH DEFENSE

70. Plaintiff's Complaint is presented in conclusory and vague terms, which prevents Defendant from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendant reserves the right to assert additional defenses or claims that may become known during the course of discovery.

## FIFTHTEENTH DEFENSE

71. In addition to the foregoing defenses and affirmative defenses, Defendant reserves the right to amend his Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayers for relief, award Defendant his costs and reasonable attorney's fees incurred in defense of this action, and grant such other and further relief as the Court deems just and proper.

Date:   February 8, 2019

LAW OFFICE OF MARK R. KOOK

By: _____
Mark R. Kook (MK-6832)
270 Madison Avenue, Suite 1203
New York, New York 10016
(212) 766-4100
Attorneys for Defendant