**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN OFFICIAL LIQUIDATION), *et al.*,<br><br>      Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 16-12925 (SCC)<br><br>(Jointly Administered) |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND, L.P.,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL M. GOLDBERG,<br><br>      Defendant. | Adv. Pro. No. 18-01650 |

## ORDER DENYING MOTION FOR RECONSIDERATION

WHEREAS, on August 23, 2016, Platinum Management (NY) LLC ("Platinum"), as general partner of Platinum Partners Value Arbitrage Fund L.P. ("PPVA"), filed a voluntary petition with the Financial Services Division of the Grand Court of the Cayman Islands (the "Cayman Court") to wind up PPVA (the "Cayman Liquidation"); and

WHEREAS, on August 25, 2016, the Cayman Court entered an order directing the provisional liquidation of PPVA; and, on October 27, 2016, the Cayman Court converted the provisional liquidation to an official liquidation; and

WHEREAS, on October 18, 2016, Matthew Wright and Christopher Kennedy, as duly appointed joint official liquidators of PPVA (together, the "Liquidators"), filed a voluntary petition for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code")

1

[Case No. 16-12925; Dkt. No. 1] seeking, among other things, recognition of the Cayman Liquidation; and, on November 23, 2016, an order recognizing the Cayman Liquidation was entered by this Court; and

WHEREAS, on October 5, 2018, the Liquidators commenced the instant adversary proceeding in this Court by filing a complaint against defendant Michael Goldberg ("Goldberg") seeking turnover of the value of the PPVA Warrant[1] pursuant to sections 1521(a)(5) and 1521(a)(7) of the Bankruptcy Code ("Count I") and asserting claims against Goldberg under theories of (i) conversion ("Count II"), (ii) unjust enrichment ("Count III"), and (iii) contempt ("Count IV"); and

WHEREAS, on January 31, 2020, the Liquidators filed a motion for summary judgment [Dkt. No. 19] ("Summary Judgment Motion") and a memorandum of law in support of such motion [Dkt. No. 23], pursuant to which the Liquidators sought (i) summary judgment on Counts I, II, and III of the complaint and an order requiring the turnover of the value of the PPVA Warrant, or, alternatively, (ii) damages under a theory of conversion or unjust enrichment; and

WHEREAS, on March 20, 2020, Goldberg filed a cross-motion for summary judgment [Dkt. No. 30] ("Summary Judgment Cross-Motion") and a memorandum of law in support of such cross-motion and in opposition to the Summary Judgment Motion [Dkt. No. 30], pursuant to which Goldberg (i) cross-moved for summary judgment, (ii) moved for dismissal of the Liquidators' claims in the adversary proceeding with prejudice, and (iii) sought sanctions; and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in this Court's modified bench decision, entered on May 10, 2022 [Dkt. No. 44].

2

WHEREAS, on April 30, 2020, the Liquidators filed a reply memorandum of law in further support of their motion for summary judgment and in opposition to Goldberg's cross-motion for summary judgment [Dkt. No. 35]. On May 22, 2020, Goldberg filed a reply in support of his cross-motion for summary judgment [Dkt. No. 36]; and

WHEREAS, on December 8, 2021, the Court heard oral argument from the parties, after which the parties subsequently filed several letters on the docket, which the Court has considered as supplemental briefing on the merits [Dkt. Nos. 40–41]; and

WHEREAS, on May 9, 2022, on the record of a telephonic hearing before the Court, the Court dictated its bench decision on the Summary Judgment Motion and the Summary Judgment Cross-Motion, in which the Court (i) granted summary judgment in favor of the Liquidators in connection with the turnover of the value of the PPVA Warrant pursuant to sections 1521(a)(5) and 1521(a)(7) of the Bankruptcy Code and (ii) denied the Summary Judgment Cross-Motion filed by Goldberg. On May 10, 2022, the Court entered on the docket of this adversary proceeding a modified bench decision, which reflected non-substantive modifications to the Court's bench decision, such as full citations and defined terms (the "Decision") [Dkt. No. 44]; and

WHEREAS, on May 24, 2022, Goldberg filed a motion for reconsideration of the Decision [Dkt. No. 46] (the "Reconsideration Motion"). By the Reconsideration Motion, Goldberg argues that reconsideration is warranted because (i) the Court purportedly made a legal error in not finding that the Term Sheets[2] themselves created enforceable rights upon execution without the satisfaction of any conditions precedent; (ii) the Court purportedly overlooked (a)

---

[2] As set forth more fully in the Decision, the "Term Sheets" are defined as the separation agreement between Goldberg and Platinum, effective March 28, 2014, as amended by a second separation agreement, effective June 11, 2015 (together, the "Term Sheets").

3

Second Circuit precedent and the language in the Term Sheets in finding that the Term Sheets created conditions precedent with respect to the establishment of a segregated account (the "Segregated Account Condition") and the issuance of certain notes by Goldberg (the "Notes Condition"), which conditions precedent were required to be satisfied by Goldberg prior to the obligation of any Platinum entity to transfer to Goldberg the Preferred Shares (or, after the exchange of the Preferred Shares for the PPVA Warrant, the PPVA Warrant); (b) newly discovered evidence in the form of progress reports issued by the Liquidators to the Cayman Court that purportedly contain accounting treatment documenting a note receivable by PPVA from Goldberg which would allegedly satisfy the Notes Condition (the "Notes"), or "at a minimum, create[] factual questions as to whether Dr. Goldberg substantially performed the note obligation," which Goldberg alleges was all that was required by the Term Sheets (Reconsid. Mot. at 3, 16; Reconsid. Reply at 9); (c) certain evidence, previously submitted by Goldberg in connection with the Summary Judgment Cross-Motion, which purportedly establishes that Goldberg was allegedly vested with ownership of the Preferred Shares prior to the commencement of the Cayman Liquidation; and (iii) there is a need to prevent manifest injustice. By the Reconsideration Motion, Goldberg submits that the Court should grant reconsideration of the Decision and, upon such reconsideration, vacate the Court's prior granting of the Summary Judgment Motion and deny the motion; and

      WHEREAS, on June 10, 2022, the Liquidators filed an objection to the Reconsideration Motion [as amended, Dkt. No. 48] (the "Reconsideration Objection"), asserting that each argument advanced in the Reconsideration Motion was previously considered and rejected by this Court in its Decision. The Liquidators submit that the Reconsideration Motion does not identify (i) new, controlling law that the Court failed to consider or (ii) any new facts or evidence

that would support reconsideration or vacatur of the Decision.  Instead, the Liquidators assert that the Reconsideration Motion primarily restates arguments that Goldberg made on summary judgment, which arguments are undermined by legal precedent and the undisputed facts of the case, and nothing asserted in the Reconsideration Motion alters the undisputed fact that the PPVA Warrant was not validly assigned or otherwise transferred to Goldberg prior to the commencement of the Cayman Liquidation; and

WHEREAS, on June 17, 2022, Goldberg filed a reply to the Reconsideration Objection [Dkt. No. 49] (the "Reconsideration Reply"), reiterating the arguments in the Reconsideration Motion; and

WHEREAS, the Court has considered the standard on a motion for reconsideration set forth in Federal Rules of Civil Procedure 59(e) and 60(b), made applicable to this Court pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively, and the statements of the United States Court of Appeals for the Second Circuit in *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), that the standard for granting a motion for reconsideration is "strict" and a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]"  The Court has further considered the statements of courts in this District that (i) reconsideration is an extraordinary remedy that must be employed sparingly, *see In re Loral Space & Communications Ltd.*, 346 B.R. 71 (S.D.N.Y. 2006); (ii) reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence, *see Aldo Ismael Perez Plaintiff, v. Terrestar Corp., et al. (In re: Terrestar Corp.)*, No. 11-10612 (SHL), 2016 WL 197621, at *3 (Bankr. S.D.N.Y. Jan. 15, 2016) (internal quotations and citations omitted); and (iii) a motion for reconsideration "is not a vehicle for relitigating old

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," *see Mexico Infrastructure Fin., LLC v. Corp. of Hamilton*, 2020 WL 5646107, at *1 (S.D.N.Y. September 21, 2020) (citation omitted); and

WHEREAS, in the Reconsideration Motion, Goldberg cites to no new law or controlling law that the Court purportedly overlooked in the Decision. He instead cites to two cases, *Thomas & Betts Corp. v. Trinity Meyer Utility Structures, LLC*, 2021 WL 4302739 (2d Cir. Sept. 22, 2021) and *Parlux Fragrances, LLC v. S. Carter Enterprises, LLC*, 204 A.D.3d 72, 85 (1st Dep't 2022), both of which were cited by Goldberg in his letter sur-reply [Dkt. No. 40] and previously considered by the Court. By the Reconsideration Motion, Goldberg argues that the Court misapplied the law and claims that "[o]nce the proper standard is applied to the language of the Binding Term Sheet, it becomes clear that the [Notes Condition and Segregated Account Condition] contained obligations of Dr. Goldberg, and not conditions precedent which would result in Dr. Goldberg forfeiting the benefits of the Binding Term Sheet if they were not strictly complied with" (Reconsid. Reply at 3). In his reconsideration pleadings, Goldberg quotes *Thomas & Betts* numerous times for the proposition that "[r]ather than interpreting [the phrase] 'subject to' as words that automatically create conditions precedent, a court must look to both the placement of the conditional language and the context in which it is used in order to determine whether the parties intended to impose conditions precedent," *Thomas & Betts*, 2021 WL 4302739 at *6. Goldberg then proceeds to analyze the language of the Term Sheets and suggest to the Court new "logical reading[s]" of the language which, if read and interpreted as Goldberg asserts, would require a summary judgment ruling in Goldberg's favor (Reconsid. Reply at 4); and

WHEREAS, the Liquidators argue that, contrary to Goldberg's argument that controlling precedent such as *Thomas & Betts* **precludes** a finding by the Court that the Term Sheets impose conditions precent, the standard articulated by the Second Circuit in *Thomas & Betts* in fact **supports** the Court's prior finding the Segregated Account Condition and the Notes Condition were conditions precedent to any obligation to transfer the PPVA Warrant to Goldberg. The Court agrees. In the Decision, in determining whether the Term Sheets created conditions precedent, the Court considered the analytical framework laid out in *National Fuel*[3] and *Thomas & Betts*, analyzing not solely the use and location of the phrase "subject to" – as Goldberg asserts – but, instead, the placement of all conditional language in the documents and the context in which such language was used. The Court also notes that, while the standard in *Thomas & Betts* was reviewed and considered by the Court, the facts of *Thomas & Betts* (and, for that matter, the facts of *Parlux Fragrances*, also cited by Goldberg) are distinguishable from the instant case. Even assuming such cases were new law or had been overlooked by the Court in rendering the Decision, neither constitutes a change in controlling law or otherwise warrants granting the Reconsideration Motion; and

WHEREAS, by the Reconsideration Motion, Goldberg also asserts that "newly discovered" evidence in the form of reports issued by the Liquidators to the Cayman Court in March 2020 and March 2022 may demonstrate that all that was required by the Term Sheets was "substantial compliance" with the Notes Condition, and Goldberg's compliance therewith is evident in the Liquidators' accounting summaries by the booking of a "note receivable" from Goldberg as an existing asset (Reconsid. Mot. at 14-16; Reconsid. Reply at 9). In connection

---

[3] *Nat'l Fuel Gas Distribution Corp. v. Hartford Fire Ins. Co.*, 11 Misc. 3d 1058(A) (Sup. Ct. 2005), *aff'd as modified*, 28 A.D.3d 1169 (2006).

with this argument, Goldberg makes several statements that the Liquidators' representations to the Court on this topic were false and that the Liquidators failed to produce these "financial statements," instead intentionally withholding them from disclosure (Reconsid. Reply at 9-12); and

  WHEREAS, the Liquidators dispute any wrongdoing and assert that Goldberg misrepresents the facts associated with the Liquidators' periodic progress reports and the accounting summaries contained therein. First, assert the Liquidators, such periodic progress reports do not constitute "financial statements" which were sought by Goldberg in discovery, and all financial statements were in fact provided. Second, for several years, the Liquidators have sent their periodic progress reports to Goldberg by email at the time they are issued, and, as such, they do not constitute newly discovered evidence, even if Goldberg is now admittedly opening old emails for the first time and reviewing the reports that he ignored for two years. (Reconsid. Obj. at 12-13 (citing *Pettiford v. City of Yonkers*, 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020) ("In order for evidence to be considered 'newly discovered' on a motion for reconsideration, it must be evidence that was truly newly discovered or could not have been found by due diligence . . . . Newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration") (internal quotations and citations omitted)). Third, Goldberg had multiple opportunities in the pleadings he filed with this Court after March 2020 to raise any issues arising from the Liquidators' reports (of which he had notice). Finally, the Liquidators contend that, even if the Court considered the emails and the Liquidators' reports attached thereto as "new evidence," such information has no probative value, as the accounting treatment of notes receivable potentially due from Goldberg does not prove that the Liquidators

8

believe any such notes are a viable asset or that any actual notes had been issued by Goldberg (Reconsid. Obj. at 13); and

WHEREAS, the Court finds that the March 2020 and March 2022 emails to Goldberg attaching copies of the Liquidators' periodic progress reports are, as a matter of law, not new evidence requiring reconsideration of the Decision, as they were available to Goldberg in his email inbox for over two years beginning in March 2020 (with an updated report containing the same information on receivables having been sent to Goldberg in March 2022). Moreover, the Court previously considered the Liquidators' accounting treatment of potential receivables from Goldberg arising from this litigation and found that it did not raise a genuine issue of material fact regarding Goldberg's failure to satisfy the Notes Condition. As the Court stated in the Decision, "references to the accounting treatment of the Notes or vague observations by a third party fail to raise any genuine issues of material fact to the contrary" (Decision at 19). Finally, on a motion for reconsideration, the Court is not required to consider Goldberg's newly asserted theory that the Liquidators' accounting treatment of a potential receivable from Goldberg proves that Goldberg "substantially complied" with the Notes Condition, which was all that was required by the Term Sheets; and

WHEREAS, having reviewed the Reconsideration Motion, the Court finds that a number of arguments contained therein are, as stated in by the District Court in *Mexico Infrastructure Fin., LLC v. Corp. of Hamilton*, 2020 WL 5646107, at *1 (S.D.N.Y. September 21, 2020) (citation omitted), attempts to (i) relitigate issues previously considered, (ii) present the case under new theories, (iii) secure a rehearing on the merits, or (iv) otherwise take "a second bite at the apple." Such arguments by Goldberg include: (a) assertions that the Notes Condition was satisfied because the Terms Sheets themselves constitute the Notes; (b) a newly asserted

argument that Platinum allegedly waived the Notes Condition when Mark Nordlicht purportedly assigned the PPVA Warrant to Goldberg (which occurred on October 16, 2016, after the commencement of the Cayman Liquidation when Mr. Nordlicht had no legal authority to do so); (c) an argument that certain previously submitted evidence supports the fact that ownership of the Preferred Shares had already transferred to Goldberg at the time of execution of the Term Sheet; and (d) several arguments regarding the Segregated Account Condition and Goldberg's purported compliance therewith, each argument which is contradicted by the language and intent of the Term Sheets and by Goldberg's previous admission that he had not created the required segregated account prior to the commencement of the Cayman Liquidation. Even if such arguments were meritorious (which the Court observes they are not), for the reasons set forth *supra*, the Court is not obligated to consider them on a motion for reconsideration; and

WHEREAS, the Court having reviewed the Reconsideration Motion, the Reconsideration Objection, and the Reconsideration Reply; and the Court having determined that, by the Reconsideration Motion, Goldberg has not identified any new evidence or controlling decisions overlooked by the Court or manifest errors of fact or law made by the Court in granting the Summary Judgment Motion and denying the Summary Judgment Cross-Motion; and the Court having found that the Reconsideration Motion merely attempts to advance new arguments and repeat arguments already presented to the Court in an effort to relitigate the Summary Judgment Motion and the Summary Judgment Cross-Motion; and, after due deliberation, and sufficient cause therefore, it is hereby

ORDERED, that the Reconsideration Motion is denied in its entirety.

Dated: July 11, 2022
New York, New York

/S/ Shelley C. Chapman
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE