# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN OFFICIAL LIQUIDATION), *et al.*<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 16-12925 (JPM)<br>(Jointly Administered) |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL M. GOLDBERG,<br><br>Defendant. | Adv. Proc. No. 18-01650 (JPM) |

**PLAINTIFF PLATINUM PARTNERS VALUE ARBITRAGE FUND LP'S MEMORANDUM OF LAW IN OPPOSITION TO MICHAEL M. GOLDBERG'S MOTION PURSUANT TO FED. R. BKCY. P. 7054 AND 9024 FOR MODIFICATION**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 3

    I.    The Applicable Standard of Review Is the Standard for a Motion for Reconsideration ............................................................................................. 3

    II.    The *Feeder Funds*' October 2018 Report of the Liquidators Is Not New Evidence Establishing that Nordlicht Controlled the *Master Fund* ............ 5

CONCLUSION ......................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Palin v. New York Times Co.*,
  510 F. Supp. 3d 21 (S.D.N.Y. 2020) ............................................................................... 4

*Pettiford v. City of Yonkers*,
  No. 14 CIV. 6271 (JCM), 2020 WL 1989419 (S.D.N.Y. Apr. 27, 2020) ........................ 7

*In re Platinum Partners Value Arbitrage Fund L.P.*,
  583 B.R. 803 (Bankr. S.D.N.Y. 2018) ............................................................................ 2

*Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey*,
  894 F. Supp. 2d 288 (S.D.N.Y. 2012) ............................................................................. 4

*Sec'y of Lab. v. CE Sec. LLC*,
  No. 21-CV-57 (AMD), 2022 WL 1810728 (E.D.N.Y. June 2, 2022) ............................. 4

**Other Authorities**

Fed. R. Civ. P. 54 ...................................................................................................................... 3

Fed. R. Civ. P. 60 ...................................................................................................................... 4

*LB&I Int'l Practice Service Concept Unit - Hedge Fund Basics*, Internal Revenue
  Service, available at
  https://www.irs.gov/pub/int_practice_units/jti_c_05_01_04_01.pdf (Jan. 25,
  2017) ........................................................................................................................... 2, 5

The current and duly appointed joint official liquidators ("Liquidators") of Plaintiff Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) ("PPVA"), in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands (cause no. FSD 131 of 2016 (NSJ)), by their undersigned United States counsel, Holland & Knight LLP, respectfully submit this memorandum of law in opposition to Defendant Michael M. Goldberg's ("Goldberg") Motion Pursuant to Fed. R. Bkcy. P. 7054 and 9024 for Modification of the Modified Bench Decision and Order on Cross-Motions for Summary Judgment ("Motion for Modification").

## PRELIMINARY STATEMENT[1]

This motion—Goldberg's third attempt to overturn Judge Chapman's summary judgment decision—is entirely predicated on Goldberg's blatant misrepresentation about the authorship and contents of a document that he has had possession of but failed to offer to the Court at any point during the nearly five years this action has been pending. Goldberg's effort to mislead the Court as to the nature of his proffered "new evidence" is part and parcel with his attempt to take ownership of the PPVA Warrant through deceptive means. His flagrant disregard for the law, facts, and his duty to litigate in good faith justifies the punitive damages PPVA has sought in this action, as well as recovery of PPVA's attorneys' fees in connection with preparing this opposition.

The only "new evidence" Goldberg presents on this Motion for Modification is an October 2018 report, which Goldberg (i) misrepresents as a document authored by PPVA's Liquidators (Martin Trott and Christopher Smith, *see* Dkt. No. 30-27 at ¶¶ 57-63 (Goldberg confirming that Messrs. Trott and Smith became the Joint Official Liquidators of PPVA by 2018); and (ii) misrepresents as stating that Mark Nordlicht had ongoing control over PPVA (the Master Fund)

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Liquidators' Motion for Summary Judgment. *See* Dkt. Nos. 19-24, 33-35, 41.

1

into 2018. *See generally* Dkt. No. 65-1; *see also In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 805 (Bankr. S.D.N.Y. 2018) (noting that PPVA is the Master Fund, and Messrs. Trott and Kennedy are the duly appointed joint official liquidators of the Master Fund).[2] These arguments are premised on bald-faced, intentional misrepresentations as to what this document actually says, and what it plainly means.

Even a cursory review of the October 2018 report reveals that it is authored by the liquidators of Platinum Partners Arbitrage Fund **(USA) L.P.** (the Onshore Feeder Fund), Borelli Walsh (Cayman) Ltd., and that the contents of that report pertain to the liquidation of the **Onshore Feeder Fund**. *See* Dkt. No. 65-5. Goldberg, a former Platinum portfolio manager, would obviously know the difference between the Master Fund and the Onshore Feeder Fund. Indeed, the very face of the October 2018 report makes it obvious that it relates to an entity separate and apart from the PPVA Master Fund, the entity that owned the PPVA Warrant that is the subject of this case and whose Liquidators are the Plaintiffs herein.

Relying solely on this Onshore Feeder Fund report, Goldberg conjures a false assertion that Mark Nordlicht had control of the **Master Fund** in 2018. Through the creative, and troubling, use of brackets to insert language into the Onshore Feeder Fund Report that simply is not there, *see, e.g.,* Dkt. No. 65-1 at 5, Goldberg attempts to mislead the Court into concluding that Mark Nordlicht—not the duly-appointed Liquidators—controlled the PPVA Master Fund in 2018.[3] But nothing in the report has anything whatsoever to do with Mark Nordlicht's role with the Master

---

[2] Hedge funds are frequently organized in a master-feeder structure where the master fund holds assets and investments, and investors' interest is held in the form of limited partnership interests in feeder funds. *See, e.g., LB&I Int'l Practice Service Concept Unit – Hedge Fund Basics*, Internal Revenue Service, available at https://www.irs.gov/pub/int_practice_units/jti_c_05_01_04_01.pdf (Jan. 25, 2017).

[3] These blatant misrepresentations are particularly notable in light of Goldberg's accusation in the Motion for Modification that the Liquidators engaged in "misrepresentation," "misconduct" and "fraud on the court" (*see* Dkt. No. 65-1 at 7-8) by stating what is plainly, and indisputably, true: that as of October 2016, PPVA's Liquidators had sole and exclusive authority to act for PPVA with respect to PPVA's property, including the PPVA Warrant.

2

Fund in 2018. And nothing in the report bears in any way on the undisputed fact that the Grand Court of the Cayman Islands duly appointed the **PPVA Master Fund Liquidators** to take sole control of PPVA and its assets in August 2016. *See* Dkt. No. 30-27 ¶ 58.

This Motion for Modification is smoke and mirrors, and pure desperation. Whether Mark Nordlicht had control of the Onshore Feeder Fund in 2018 is wholly irrelevant to this action; indeed, the Onshore Feeder Fund is wholly irrelevant to this action. The undisputed facts established at summary judgment are: (i) the PPVA Warrant was issued to PPVA—the Master Fund—and at all relevant times was held by PPVA; (ii) the PPVA Warrant was the property of PPVA at the time PPVA was placed into liquidation in the Cayman Islands; and (iii) Mark Nordlicht—without authority to act on behalf of PPVA, but expressly purporting to do so—surreptitiously back-dated an assignment of the PPVA Warrant to Goldberg in an effort to avoid the freeze on asset dissipation imposed by the Cayman liquidation. Nothing in the October 2018 Onshore Feeder Fund report changes those conclusions, and this Motion for Modification should be denied, with costs to the Liquidators.

## ARGUMENT

### I.     The Applicable Standard of Review Is the Standard for a Motion for Reconsideration.

Regardless of how framed, this is a motion for reconsideration.

Fed. R. Bkcy. P. 7054, adopting Fed. R. Civ. P. 54, allows a court to revise interlocutory decisions only if the well-established standards for motions for reconsideration are satisfied:

> Under Rule 54(b), interlocutory decisions "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). Though the Court has discretion to reconsider its prior rulings within the bounds of the law of the case doctrine, *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003), "as a rule courts should be loathe to do so in the absence of extraordinary circumstances," *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *see also Bergerson v. N.Y.*

3

> *State Office of Mental Health,* 652 F.3d 277, 288 (2d Cir. 2011) (noting that "there is a strong presumption against amendment of prior orders"); *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir. 1964) (noting that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted to battle for it again"). However, in the interest of balancing "the need for finality against the duty to render just decisions," *Davis v. Lehane,* 89 F.Supp.2d 142, 147 (D. Mass. 2000), **reconsideration is limited to circumstances where there is " 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice,' "** *Coopers & Lybrand,* **322 F.3d at 167 (quoting** *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* **956 F.2d 1245, 1255 (2d Cir. 1992)). In the absence of these circumstances, a motion for reconsideration is normally inappropriate, and the district court's decision "may not usually be changed."** *Id.*

*Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey*, 894 F. Supp. 2d 288, 339 (S.D.N.Y. 2012), *as amended* (Sept. 19, 2012) (emphasis added); *see also Palin v. New York Times Co.*, 510 F. Supp. 3d 21, 25 (S.D.N.Y. 2020) (noting that prior decisions should not be revisited "without good reason" such as an intervening change of controlling law) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)); *Sec'y of Lab. v. CE Sec. LLC*, No. 21-CV-57 (AMD), 2022 WL 1810728, at *1 (E.D.N.Y. June 2, 2022) (discussing Rule 54(b) as allowing courts broad discretion to consider motions for reconsideration).

Fed. Bkcy. R. 9024, incorporating Fed. R. Civ. P. 60, largely applies the same principles allowing a court to reconsider a final judgment, but that rule is inapplicable here because no final judgment has been entered. *Cf.* Dkt. No. 65-1 at 7.

**II.    The *Feeder Funds*' October 2018 Report of the Liquidators Is Not New Evidence Establishing that Nordlicht Controlled the *Master Fund*.[4]**

Goldberg takes great pains to misrepresent to the Court "new evidence."  The October 2018 report is a report of the liquidators of Platinum Partners Value Arbitrage Fund **(USA) L.P.** (the Onshore Feeder Fund)—**not** Platinum Partners Value Arbitrage Fund **L.P.**, the Master Fund and Plaintiff in this action.  *See* Dkt. No. 65-5.  That report is signed by Cosimo Borelli of Borrelli Walsh (Cayman) Ltd. as the duly appointed liquidator of the Feeder Fund—**not** by Martin Trott or Christopher Smith, the joint official liquidators of the Master Fund.  *Compare id.* at 16 *with* Dkt. No. 30-27 ¶¶ 57-63.  As such, the October 2018 report does not, in any way, support Goldberg's contention that Mark Nordlicht retained authority over the **Master Fund** in 2018.

First, Platinum Partners Value Arbitrage Fund **(USA) L.P.** is obviously not Platinum Partners Value Arbitrage Fund **L.P.**  Following a typical master-feeder fund structure for hedge funds, the PPVA Master Fund and its feeder funds (including the Onshore Feeder Fund) are distinct corporate entities with distinct purposes.  *See generally LB&I Int'l Practice Service Concept Unit – Hedge Fund Basics*, Internal Revenue Service, available at https://www.irs.gov/pub/int_practice_units/jti_c_05_01_04_01.pdf (Jan. 25, 2017).  And in this case, when the Platinum entities were put into liquidation (at different times), they were appointed separate and distinct liquidators.  *Compare* Dkt. No. 65-5 at 16 *with* Dkt. No. 30-27 ¶¶ 57-63.

Second, because the October 2018 report is one authored by the Feeder Fund liquidators and not the Master Fund liquidators, it clearly is not a document that was in the possession, custody, or control of the Master Fund's joint official liquidators.  Goldberg fails to explain how

---

[4] Much of Goldberg's Motion rhetorically re-hashes his repeatedly made, and repeatedly rejected, substantive arguments in opposition to summary judgment: that Goldberg's Separation Agreement itself effected a transfer of the PPVA Warrant, that the conditions stated in the Separation Agreement were not conditions precedent, that PPVA waived those conditions, etc. etc. These arguments have been amply addressed in PPVA's prior submissions, and in the Court's prior decisions. PPVA's substantive arguments in response will not be restated, yet again, here.

5

the Master Fund's joint official liquidators would have had an obligation to produce this report, or how it is relevant to the instant litigation.

Third, Goldberg blatantly misrepresents the contents of the October 2018 Onshore Feeder Fund report. The report is clear and unambiguous that "Mark Nordlicht currently retains control of the **Onshore Feeder Fund** as its General Partner." *See* Dkt. No. 65-5 at ¶ 25.[5] Goldberg misquotes the report by replacing "Onshore Feeder Fund" with "[PPVA]" in his papers, *see* Dkt. No. 65-1 at 5, in a clear effort to mislead the Court as to what the report states. The report goes on to explain that, at the time, Nordlicht was in discussions with the **Onshore Feeder Fund's** liquidator concerning alternative arrangements to secure the appointment of the liquidator for the **Onshore Feeder Fund**. *Id.*

Fourth, there is no dispute that the PPVA Warrant was an asset of the **Master Fund**. There is no connection whatsoever between the Onshore Feeder Fund and the PPVA Warrant. The face of the PPVA Warrant states that was issued to "Platinum Partners Arbitrage Fund, L.P." *See* Dkt. No. 22 (copy of PPVA Warrant authenticated by custodian and current holder of original, physical warrant). And in executing his backdated post-liquidation purported assignment of the PPVA Warrant to Goldberg, Nordlicht expressly purported to sign for the PPVA **Master Fund** as the holder of the PPVA Warrant, *see* Dkt. No. 20-4, Ex. 33 at Goldberg-PPVA_0033614, a fact which Goldberg's brief acknowledges, *see* Dkt. No. 65-1 at 4. As such, even if Nordlicht had control over the Onshore Feeder Fund in 2018, that fact is wholly irrelevant to the question of whether he had any control over the **Master Fund**, or any authority to transfer the Master Fund's assets including the PPVA Warrant, in 2018 (or in October 2016, for that matter). He indisputably did

---

[5] On page 5 of his opening brief, Goldberg curiously excises "the Onshore Feeder Fund" from this sentence, and replaces this clause, in brackets, with "PPVA." Goldberg's brief defines "PPVA" as "plaintiff Platinum Partners Value Arbitrage Fund L.P. (in Liquidation)." Mem. p. 1. Goldberg knows what he is doing here.

6

not, given that the Master Fund's Liquidators had been duly appointed by the Cayman Court, and vested with sole authority to dispose of PPVA's assets, in August 2016. *See* Dkt. No. 30-27 ¶¶ 57-63.

Fifth, despite Goldberg characterizing the October 2018 report as "new evidence," Goldberg does not explain when he came into possession of the report, why it could not have been previously found with due diligence, or why, if he thought it was relevant to the Court's determination, he did not proffer it to the Court at summary judgment or either of his two prior attempts to overturn the summary judgment decision. *Pettiford v. City of Yonkers*, No. 14 CIV. 6271 (JCM), 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020) ("In order for evidence to be considered 'newly discovered' on a motion for reconsideration, it must be evidence that was truly newly discovered or could not have been found by due diligence . . . . Newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration.") (internal quotations and citations omitted). Notably, Goldberg already tried this same tactic of conjuring "new evidence" during his first motion for reconsideration. *See* Dkt. No. 47 at 4 (Goldberg offering a 2020 email as "new evidence" while conceding that he had possession of throughout the course of litigation but simply failed to open it).

As such, the October 2018 Onshore Feeder Fund report is not new evidence warranting reconsideration and is irrelevant to the issues in this case.

## **CONCLUSION**

For the foregoing reasons, PPVA respectfully requests that the Court deny Goldberg's Motion for Modification in its entirety and award PPVA its attorneys' fees incurred in connection with this Motion for Modification.

7

Dated: March 17, 2023
     New York, New York

                                              */s   Robert J. Burns*
                                              Warren E. Gluck, Esq.
                                              Robert J. Burns, Esq.
                                              Qian (Sheila) Shen, Esq.
                                              HOLLAND & KNIGHT LLP
                                              31 West 52nd Street
                                              New York, NY 10019
                                              warren.gluck@hklaw.com
                                              robert.burns@hklaw.com
                                              qian.shen@hklaw.com
                                              Tel:   (212) 513-3200
                                              Fax:   (212) 385-9010