## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

PLATINUM PARTNERS VALUE ARBITRAGE
FUND L.P. (IN OFFICIAL LIQUIDATION), *et al*.

Debtors in Foreign Proceedings.

Chapter 15

Case No. 16-12925 (JPM)
(Jointly Administered)

PLATINUM PARTNERS VALUE ARBITRAGE
FUND L.P.,

        Plaintiff,

    vs.

MICHAEL M. GOLDBERG,

        Defendant.

Adv. Proc. No. 18-01650 (JPM)

**PLAINTIFF PLATINUM PARTNERS VALUE ARBITRAGE FUND LP'S
MEMORANDUM OF LAW IN OPPOSITION TO MICHAEL M. GOLDBERG'S
MOTION TO COMPEL DISCLOSURE PURSUANT TO FED. BANKR. R. 7026, 7034,
AND 7037, AND IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER
PURSUANT TO FED. BANKR. R. 7037 AND FED. R. CIV. P. 37**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT PROCEDURAL HISTORY ................................................................................ 3

I.     The Parties Already Engaged in Full Discovery Prior to PPVA's Motion for Summary
       Judgment. ...................................................................................................................... 3

       A.     Goldberg's First Requests for Production Demand Documents Related to
              PPVA's Damages Assessment. ......................................................................... 3

       B.     Goldberg Agrees to Responsive Search Terms after Months of PPVA
              Trying to Meet and Confer Over a Reasonable ESI Protocol. ......................... 4

       C.     Goldberg's Second RFPs. ................................................................................. 6

II.    The Court Finds Goldberg Liable for Misappropriating the PPVA Warrant. ............. 7

III.   Goldberg's Duplicative Third Requests for Production Far Exceed the Limited Scope of
       Discovery Permitted by the Court. ............................................................................... 8

ARGUMENT ......................................................................................................................... 12

I.     Goldberg Blatantly Misrepresents to the Court That PPVA Has Produced No Documents
       Responsive to His Third Requests for Production. ..................................................... 12

II.    Goldberg Should Not Be Allowed to Revive His Improper Demand that PPVA Identify
       Bates-Ranges Responsive to Each of His RFPs Four Years after Judge Chapman Properly
       Denied That Demand. ................................................................................................. 13

III.   Goldberg Misrepresents to the Court the Scope of His Third RFPs and Fails to Satisfy
       *His* Burden of Establishing Relevance. .................................................................... 14

       A.     Third RFP No. 1. .............................................................................................. 15

       B.     Third RFP Nos. 4 and 6. .................................................................................. 18

       C.     Third RFP Nos. 13-16, and 17. ....................................................................... 20

       D.     Third RFP Nos. 18, 19, and 22. ...................................................................... 20

       E.     Third RFP Nos. 23, 25, 26, and 28. ................................................................ 21

       F.     Third RFP No. 31. ............................................................................................ 21

IV.    PPVA Is Entitled to a Protective Order and Recovery of Its Attorneys' Fees. ................ 21

CONCLUSION ........................................................................................................................... 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Au New Haven, LLC v. YKK Corp.*,
No. 1:15-CV-3411-GHW, 2023 WL 2612204 (S.D.N.Y. Mar. 23, 2023) .............................18

*Christopherson v. PPVA*,
No. 15-cv-6372 (S.D.N.Y.) ......................................................................................4, 10, 21

*Excellent Home Care Servs., LLC v. FGA, Inc.*,
No. 13CV5390ILGCLP, 2017 WL 9732082 (E.D.N.Y. June 5, 2017) ...................................14

*Five Borough Bicycle Club v. City of New York*,
No. 07 CIV. 2448 (LAK), 2008 WL 704209 (S.D.N.Y. Mar. 10, 2008) ...............................13

*Menard v. Chrysler Grp. LLC*,
No. 14 CV 6325 VB, 2015 WL 5472724 (S.D.N.Y. July 2, 2015) .......................................13

*In re P & Z Island Farms, Inc.*,
478 F. Supp. 529 (S.D.N.Y. 1979) ......................................................................................16

*Riddell Sports, Inc. v. Brooks*,
No. 92 CIV. 7851 (PKL), 1995 WL 20260 (S.D.N.Y. Jan. 19, 1995) .................................20

*S.E.C. v. Collins & Aikman Corp.*,
256 F.R.D. 403 (S.D.N.Y. 2009) ........................................................................................13

*Zakre v. Norddeutsche Landesbank Girozentrale*,
No. 03 CIV. 0257(RWS), 2004 WL 764895 (S.D.N.Y. Apr. 9, 2004) .................................13

**Other Authorities**

Fed. Bankr. R. 7026 ............................................................................................................11

Fed. Bankr. R. 7034 ..............................................................................................................1

Fed. Bankr. R. 7037 ........................................................................................................1, 21

Fed. R. Civ. P. 26 ...............................................................................................................22

Fed. R. Civ. P. 34 ...........................................................................................................6, 13

Fed. R. Civ. P. 37 ...............................................................................................................21

Fed. R. Civ. P. 11 ...........................................................................................................3, 22

iv

The current and duly appointed joint official liquidators ("Liquidators") of Plaintiff Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) ("PPVA"), in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands (cause no. FSD 131 of 2016 (NSJ)), by their undersigned United States counsel, Holland & Knight LLP, respectfully submit this memorandum of law in opposition to Defendant Michael M. Goldberg's ("Goldberg") Motion to Compel Disclosure Pursuant to Fed. Bankr. R. 7026, 7034, And 7037 ("Motion to Compel") and in support of PPVA's Cross-Motion for a Protective Order Pursuant to Fed. Bankr. R. 7037 and Fed. R. Civ. P. 37 ("Cross-Motion").

## **PRELIMINARY STATEMENT**[1]

Through this Motion—the latest venture in his years-long effort to delay and obstruct PPVA's claims in this case—Goldberg seeks to completely re-open merits discovery three and one-half years after it closed.  Although clearly reflective of bad faith, Goldberg's conduct is—frankly—unsurprising, and fits neatly within a long-established pattern.  This recent skirmish should be seen for what it is—just another attempt to overturn Judge Chapman's liability finding, under the guise of seeking damages discovery.

The parties already completed **all** fact discovery in this case over three years ago.  Fact discovery was never bifurcated as between liability and damages.  Indeed, Goldberg specifically propounded document demands seeking production of documents "concerning any and all damages sought by Plaintiff in this adversary proceeding" **two times before**.  His third set of document demands—which the Court instructed must be narrowly tailored to damages only—is entirely duplicative of prior document demands seeking information about PPVA's damages in this action; copies verbatim several of his prior document demands; seeks documents that Judge

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Liquidators' Motion for Summary Judgment.  *See* Dkt. Nos. 19-24, 33-35, 41.

Chapman has already ruled irrelevant to this action; and reaches far beyond the limited scope of damages-oriented information allowed by this Court.

Goldberg has been found liable for misappropriating the PPVA Warrant when he, along with Mark Nordlicht, orchestrated a scheme to backdate an assignment of the PPVA Warrant to Goldberg after PPVA was placed into liquidation in the Cayman Islands. Unhappy with the summary judgment decision, Goldberg filed three post-summary judgment motions to try to overturn Judge Chapman's ruling. The patently overbroad scope of his third set of document demands makes clear that he is yet again trying to find something—anything—to support a further effort to thwart the Court's liability determination, or to delay the assessment of damages and the entry of judgment. Goldberg's abuse of the discovery process should not be condoned.

Notably, Goldberg has not explained at any point **how** his latest of document demands are relevant to any damages analysis. The only remaining question in this case is how to value the PPVA Warrant on the date it was misappropriated, given (i) the Navidea common shares underlying the PPVA Warrant were publicly traded; and (ii) the effect of a restriction on the face of the PPVA Warrant preventing PPVA from exercising it if such exercise would result in PPVA holding more than 9.99% of Navidea's outstanding common shares (the "Blocker"). The resolution of those two questions revolve purely around publicly available information (i.e. the price of Navidea's common shares on the valuation date) and expert analysis (i.e. whether PPVA could have disposed of the PPVA Warrant in another manner to realize value besides exercising it, and what, if any, discount or premium would be required).

Indeed, Goldberg's own asserted theory of damages (or lack thereof) reveals that he does not need any further fact discovery from PPVA to attempt to refute damages. Goldberg's cross-motion for summary judgment sought to challenge PPVA's damages analysis with arguments

2

based on (i) the effect of the Blocker on the value of the PPVA Warrant (a question for an expert); and (ii) Navidea's notice to Goldberg in January 2017 that, post-exercise, the Navidea Common Shares Goldberg received were restricted for six month (the valuation effect of which is also an expert question). *See* Dkt. No. 30-1 at 31-32 (explaining Goldberg's rebuttal theory on damages).

Goldberg's Motion should be denied, PPVA's Cross-Motion for a protective order should be granted, and PPVA should be awarded its costs associated with having to respond to Goldberg's overly broad and unduly burdensome discovery demands, attending numerous unnecessary (and unavailing) meet-and-confers with Goldberg, and opposing this Motion.[2]

## RELEVANT PROCEDURAL HISTORY

**I.    The Parties Already Engaged in Full Discovery Prior to PPVA's Motion for Summary Judgment.**

PPVA filed this action on October 5, 2018. *See* Dkt. No. 1. Goldberg appeared through his current counsel on November 5, 2018, *see* Dkt. No. 8, and answered the Complaint on February 8, 2019, *see* Dkt. No. 14.

**A.    Goldberg's First Requests for Production Demand Documents Related to PPVA's Damages Assessment.**

Also on February 8, 2019, Goldberg served his first set of 36 document demands on February 8, 2019 ("First RFPs"). *See* Declaration of Qian (Sheila) Shen ("Shen Decl.") Ex. 1. PPVA served written objections and responses on April 10, 2019. *See* Shen Decl. Ex. 2. Critically, discovery was never bifurcated as between liability and damages, and Goldberg's First RFPs

---

[2] PPVA further notes that it is considering a Rule 11 motion should Goldberg's meritless efforts to reverse the liability finding continue. This case has been pending for five years. The only remaining issue before judgment enters is a narrow determination of the value of the PPVA Warrant at the time it was misappropriated. PPVA has complied with the Court's scheduling order by producing its expert report on that issue. Goldberg, however, has refused to provide any rebuttal expert report until these meritless discovery disputes are resolved. Goldberg is, therefore, the only obstacle to moving this case to judgment; indeed, that appears plainly to be his objective.

included requests for the production of documents and information relevant to PPVA's damages

assessment, including:

- Documents concerning the valuation of the PPVA Warrant (First RFP Nos. 11, 13, 15); and

- Documents "concerning any and all damages sought by Plaintiff in this adversary proceeding" (First RFP No. 35).

Shen Decl. Ex. 1.

Goldberg's First RFPs also sought:

- Documents relating to the PPVA Warrant, generally (First RFP Nos. 1, 3, 7, 8, 21, 23, 24, 25, 28, 34);

- Documents relating to the disposition of the PPVA Warrant or its underlying common shares in Navidea (First RFP Nos. 2, 9, 17, 18, 19, 30);

- Documents concerning PPVA assets **other than the PPVA Warrant** (First RFP Nos. 4, 5, 6, 7, 8, 9, 10, 11, 13, 15, 16, 17, 18, 22, 23, 25, 28, 29, 30, 31, 32);

- Documents concerning Goldberg's separation agreement with PPVA (the "Term Sheet") (First RFP Nos. 10, 11, 12, 14, 27);

- Documents concerning a separate shareholder lawsuit, *Christopherson v. PPVA*, 15-cv-6372 (S.D.N.Y.) (First RFP No. 20);

- Communications, generally, between the parties (First RFP No. 26); and

- Documents supporting PPVA's claims (First RFP Nos. 33, 34, 35, 36).

**B.    Goldberg Agrees to Responsive Search Terms after Months of PPVA Trying to Meet and Confer Over a Reasonable ESI Protocol.**

Following multiple telephonic meet and confers between February and April 2019, PPVA

proposed several iterations of potential search terms to target documents responsive to Goldberg's

grossly overbroad First RFPs. *See* Shen Decl. Ex. 3. While Goldberg initially ignored PPVA's efforts to meet and confer about discovery altogether, demanding instead that PPVA just produce all responsive documents, he eventually acknowledged his responsibility to cooperate in discovery and ESI efforts. *See id*. Goldberg ultimately agreed to a specific set of search terms that both parties deemed sufficient and appropriate to address all of Goldberg's First RFPS. PPVA then ran those search terms, conducted a linear review for responsive documents, and produced responsive, non-privileged documents. Shen Decl. ¶¶ 8, 13 & Ex. 6.

PPVA made a first production of documents on May 15, 2019 consisting of 29,893 pages of responsive documents. *See* Shen Decl. Ex. 4

PPVA made a second production of documents on May 23, 2019 consisting of another 4,679 pages of documents. Shen Decl. Ex. 5. At that point, Goldberg raised his first demand that PPVA identify by Bates-number documents responsive to each of his requests for production. *See* Shen Decl. Ex. 6.

Following further meet and confers, the parties agreed that PPVA would provide a report to Goldberg that indexed each produced document's Bates-range against certain search terms requested by Goldberg. PPVA provided Goldberg with that index on June 5, 2019. *See* Shen Decl. Ex. 7.[3] Goldberg did not attempt any further meet and confers, did not raise any issues with that index, and did not request that PPVA's search or its search terms be expanded or modified. Shen Decl. ¶ 12.

---

[3] To be clear, PPVA produced documents responsive to all search terms it originally proposed and which the parties agreed to, following a linear review for responsiveness and privilege. *See* Shen Decl. Ex. 3. For the purposes of the index only, Goldberg requested that PPVA index the Bates-stamped documents to a subset of search terms that he identified. *See* Shen Decl. Ex. 7.

Altogether, PPVA produced 2,124 documents responsive to a narrowly tailored set of search terms spanning 40,797 pages, expending approximately 175 hours of attorney time to confirm the responsiveness of documents to Goldberg's First RFPs and to review for privilege. Shen Decl. ¶ 13.  Contrary to Goldberg's self-serving and conclusory assertion, *see* Affirmation of Mark R. Kook ("Kook Aff.") ¶ 9, PPVA produced all documents as there maintained in the ordinary course of business, as required under Fed. R. Civ. P. 34.

Specifically, the Liquidators produced documents from a database that was provided to them by the SEC Receiver appointed over Platinum Partners Credit Opportunities Fund ("PPCO"). *See* Shen Dec. Ex. 3.  Upon the collapse of all of the Platinum funds after Murray Huberfeld's arrest on June 8, 2016, the SEC Receiver took control of all of the Platinum servers.  Shen Decl. ¶ 9.  The SEC Receiver then gave the Liquidators access to over 13 million PPVA documents found on that server, and PPVA produced responsive documents in this action as they were maintained in the ordinary course of business and provided to the Liquidators.  *Id.*  Indeed, all of this was made clear to Goldberg at the outset of discovery, *see* Shen Decl. Ex. 3; reiterated during a June 12, 2019 conference with Judge Chapman, and never once questioned by Goldberg during the five years this action has been pending, *see* Shen Dec. ¶ 13.

**Indeed, after June 12, 2019, Goldberg never once raised any purported deficiencies with PPVA's productions in response to his First RFPs**—until now.

### C.    Goldberg's Second RFPs.

On November 11, 2019, Goldberg served a second set of requests for production ("Second RFPs").  Shen Decl. Ex. 8.  Those Second RFPs sought:

- Documents relating to the PPVA Warrant, generally (Second RFP Nos. 6, 7, 8, 9);

- Documents concerning PPVA assets *other than the PPVA Warrant* (Second RFP Nos. 1, 3, 4, 10, 11);

- Documents related to the Liquidators' liquidation of PPVA (Second RFP Nos. 1, 2);

- PPVA's net asset value statements (Second RFP Nos. 5);

- Documents "**concerning any and all damages sought by Plaintiff in this adversary proceeding**" (Second RFP No. 12); and

- Documents supporting PPVA's claims (Second RFP No. 13).

PPVA served its objections to the Second RFPs on December 17, 2019. *See* Shen Decl. Ex. 9. In its response, PPVA correctly noted that Goldberg's Second RFPs were entirely duplicative of the First RFPs, and as such, PPVA had already produced all responsive documents in its possession, custody, or control. *Id.*

**Goldberg never raised any issues related to PPVA's response to the Second RFPs.** Shen Decl. ¶ 16.

## II.    The Court Finds Goldberg Liable for Misappropriating the PPVA Warrant.

On May 10, 2022, following full briefing and oral argument, Judge Chapman issued a ruling on PPVA's motion for summary judgment finding that there was no triable issue of fact and that PPVA was entitled to summary judgment finding Goldberg liable for misappropriating the PPVA Warrant. *See* Dkt. No. 44. Judge Chapman left open the question of damages, an issue which both parties agree revolves around expert opinion as to the effect of the PPVA Warrant Blocker and publicly available information about the trading value of Navidea's shares on the public market. *See* Dkt. No. 30-1 at 31-32, 23 at 16, 20-21.

Goldberg then filed a motion for reconsideration, *see* Dkt. No. 46, and a motion for leave to file an interlocutory appeal, *see* Dkt. No. 52. Both of those motions were correctly denied. *See* Dkt. Nos. 50, 57. As such, the only issue remaining following Judge Chapman's ruling is the fair market value of the PPVA Warrant at the time it was misappropriated by Goldberg.

Following Judge Chapman's retirement, this case was reassigned to the Honorable John Paul Mastando III. Seeking to take advantage of the reassignment, Goldberg filed a motion for modification, seeking—for a third time—to overturn Judge Chapman's summary judgment decision. *See* Dkt. No. 65. That motion is fully briefed and remains pending. *See* Dkt. Nos. 65, 67, 59. For all of the reasons stated in PPVA's opposition, Goldberg's motion for modification should be denied. *See* Dkt. No. 67.

### III.    Goldberg's Duplicative Third Requests for Production Far Exceed the Limited Scope of Discovery Permitted by the Court.

During a status conference held on March 2, 2023, the Court, without the benefit of briefing on the extensive history of PPVA's discovery efforts, gave Goldberg limited leave to propound discovery concerning **damages only**. *See* Dkt. No. 66.

Under the guise of issuing purportedly new and distinct discovery demands that Goldberg asserts are necessary to establishing his defense concerning damages, on March 18, 2023, Goldberg served another 31 requests for production ("Third RFPs"). Shen Decl. Ex. 10. Those requests are either (i) entirely duplicative, either verbatim or in substance, to Goldberg's First RFPs and Second RFPs; or (ii) not relevant to the question of damages at all, which is the **only** issue pending in this action. Collectively, they are a transparent attempt to re-open merits discovery entirely so that Goldberg can continue his unwavering efforts to find any "hook" through which he can continue to challenge Judge Chapman's repeatedly-reaffirmed liability finding.

There are only a handful of requests in Goldberg's Third RFPs which can reasonably be read as seeking production of information related to the valuation of the PPVA Warrant, which is the only pending issue following Judge Chapman's finding on summary judgment:

- Documents relating to, generally, the value of the PPVA Warrant (Third RFP Nos. 1, 2, 3, 13, 24, 31).

Notably, however, **Goldberg's First RFPs and Second RFPS explicitly sought all documents supporting PPVA's claim for damages**, and thus, these Third RFPs are entirely duplicative of the prior discovery. PPVA long ago produced all responsive documents uncovered through application of the search terms negotiated with Goldberg's counsel.[4]

Indeed, the parties' agreed-upon search terms would have captured documents concerning the valuation of the PPVA Warrant. Among those search terms were:

- "("5,411,850" OR 5411850) AND Navidea"—which would have captured any and all documents referencing the PPVA Warrant, including documents concerning valuation;

- "Navidea AND audit"—which would have captured valuation information for PPVA's interests in Navidea, as required for periodic audits; and

- "Navidea AND 'financial statement'"—which would have captured valuations of Navidea common shares in either PPVA's accounting treatments or Navidea's own financial reporting.

*See* Shen Decl. Exs. 3, 7.

---

[4] PPVA also produced its expert report concerning valuation of the Warrant on June 12, 2023 pursuant to the Court's scheduling order, as extended based on agreement of the parties. *See* Dkt. Nos. 68, 75.

The remainder of the Third RFPs have no conceivable connection to the limited issue of the valuation of the PPVA Warrant, and most are likewise entirely duplicative of Goldberg's prior discovery demands:

- Documents relating to the disposition of the PPVA Warrant or its underlying common shares in Navidea (Third RFP Nos. 2, 20, 21, 22);

- The Liquidators' post-liquidation reports and related workpapers (Third RFP Nos. 4, 7, 10);

- Documents concerning PPVA assets *other than the PPVA Warrant* (Third RFP Nos. 4, 7, 10, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30);

- Documents related to the PPVA Onshore and Offshore Feeder Funds, which are overseen by separate liquidators, not the Liquidators (Third RFP Nos. 5, 6, 8, 9, 11, 12);

- Documents seeking legal opinions concerning the effect of the PPVA Warrant Blocker (Third RFP Nos. 13, 14, 15, 16, 17);

- Documents concerning a separate shareholder lawsuit, *Christopherson v. PPVA*, 15-CV-6372 (S.D.N.Y.) (Third RFP No. 23); and

- Communications, generally, between the parties (Third RFP No. 24).

PPVA served its written objections and responses to Goldberg's Third RFPs on April 17, 2023. *See* Kook Aff. Ex. 1. Those objections specifically identified which of Goldberg's Third RFPs were duplicative of which of the First and Second RFPs, noted which Third RFPs sought documents not in the possession, custody, and control of the Liquidators, and which documents exceeded the scope of the Court's leave to seek documents relevant to the question of damages only. *See id.*

10

On May 8, 2023, Goldberg served a meet and confer letter concerning PPVA's responses to the Third RFPs. Shen Decl. Ex. 11. Goldberg's letter indicates that he is willfully ignoring the fact that the parties already engaged in full discovery concerning all aspects of PPVA's claim and Goldberg's defenses, **<u>including damages</u>**. Goldberg moreover cited no authority for any of his arguments. PPVA responded by letter dated May 25, 2023 responding to each of Goldberg's arguments and noting the lack of legal authority supporting his demand that PPVA re-produce thousands of documents it previously produced. Shen Decl. Ex. 12.

Goldberg then served another meet and confer letter on June 7, 2023. Shen Decl. Ex. 13. Given the parties impasse, Goldberg requested an informal discovery conference with the Court. *See* Dkt. No. 71. PPVA responded, *see* Dkt. No. 72, and a conference was held on June 13, 2023.

Throughout the meet and confer process concerning the Third RFPs, Goldberg has wholly failed to explain how his overly broad document demands have any relation to the valuation of the PPVA Warrant as of the date on which he misappropriated it; why PPVA should be required to re-produce thousands of documents it already produced in this action; why PPVA should be required to produce post-liquidation documents which post-date Goldberg's misappropriation of the PPVA Warrant; and why PPVA should be required to produce documents concerning other Platinum hedge funds over which the Liquidators have no control. Goldberg's say-so that his Third RFPs are proper is simply insufficient to bring them within the limited scope of damages discovery allowed by the Court, or even within the general scope of Fed. Bankr. R. 7026.

In short, Goldberg has willfully engaged in discovery in bad faith, in a clear attempt to obscure, before a newly-assigned judge, the parties' extensive pre-summary judgment discovery history, all at significant cost to PPVA. Goldberg's Motion should be denied, and PPVA's Cross-Motion should be granted with attorneys' fees and costs awarded to PPVA for all time related to

responding to the Third RFPs, meeting and conferring over the Third RFPs, and responding to this Motion.

## **ARGUMENT**

### I.    **Goldberg Blatantly Misrepresents to the Court That PPVA Has Produced No Documents Responsive to His Third Requests for Production.**

As set forth in detail in PPVA's objections and responses to the Third RFPs, the majority of Goldberg's Third RFPs were either verbatim duplicative or duplicative in substance to his First and Second RFPs.  For example, Goldberg's Third RPF Nos. 1, 2, 3, 13, 24, 31—the **only** of the Third RFPs which reasonably can be read to request documents concerning the valuation of the PPVA Warrant and therefore arguably fall within the limited scope of damages discovery allowed by the Court—fall squarely within the confines of Goldberg's prior requests for production seeking documents "concerning any and all damages sought by plaintiff in this adversary proceeding."  *See* First RFP No. 35; Second RFP No. 12.

Notably, Goldberg **does not dispute** that his Third RFPs—at least those that are properly directed to the question of damages—are in sum and substance identical to his prior sets of document demands.  *See generally* Dkt. No. 85.  Nor does Goldberg dispute that, in his First and Second RFPs, he explicitly demanded production of all documents "concerning any and all damages sought by plaintiff in this adversary proceeding."  *Compare id. with* First RFP No. 35; Second RFP No. 12.  As noted above, the parties jointly agreed-upon search terms including search terms that would have captured any mention of the PPVA Warrant, including documents discussing the valuation of that warrant.  *See* Shen Decl. Ex. 7.

Goldberg cites **no authority** for his argument that PPVA is required to re-produce in the same litigation documents it has already produced in response to prior sets of discovery demands, just because the propounding party issues new (and substantially identical) documents demands.

That would indeed be preposterous and lead to nothing but confusion and unnecessarily duplicative legal costs.

## II. Goldberg Should Not Be Allowed to Revive His Improper Demand that PPVA Identify Bates-Ranges Responsive to Each of His RFPs Four Years after Judge Chapman Properly Denied That Demand.

In tacit acknowledgment that PPVA already produced documents concerning PPVA's claimed damages, Goldberg turns his focus to a meritless and unduly burdensome demand that PPVA re-review its production **for Goldberg** and identify by Bates-number those documents responsive to each of Goldberg's 31 Third RFPs. That effort, however, is not supported by Rule 34, as interpreted by courts in this Circuit.

Rule 34(b)(2)(E)(i) provides that a party must produce documents and ESI "as they are kept in the usual course of business **_or_** must organize and label them to correspond to the categories in the request." (Emphasis added.) Goldberg ignores the disjunctive "or" in that provision. "The purpose of the Rule is to facilitate production of records in a useful manner and to minimize discovery costs . . . ." *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 412 (S.D.N.Y. 2009); *accord Menard v. Chrysler Grp. LLC*, No. 14 CV 6325 VB, 2015 WL 5472724, at *2 (S.D.N.Y. July 2, 2015) (denying motion to compel party to identify by Bates number which documents were responsive to each request where responding party produced documents as they are kept in the ordinary course of business); *Zakre v. Norddeutsche Landesbank Girozentrale*, No. 03 CIV. 0257(RWS), 2004 WL 764895, at *1 (S.D.N.Y. Apr. 9, 2004) (same); *Five Borough Bicycle Club v. City of New York*, No. 07 CIV. 2448 (LAK), 2008 WL 704209, at *2 (S.D.N.Y. Mar. 10, 2008) (compliance with Rule 34's directive to produce documents as they are maintained in the ordinary course of business is sufficient, even if inconvenient to party receiving documents).

Goldberg does not dispute that PPVA produced documents and ESI in response to his prior document demands as they were kept in the usual course of business. *See* Dkt. No. 85. His reliance

on *Excellent Home Care Servs., LLC v. FGA, Inc.*, No. 13CV5390ILGCLP, 2017 WL 9732082, at *4 (E.D.N.Y. June 5, 2017) is misplaced.  In that case, plaintiff allegedly dumped thousands of non-Bates labeled documents on the defendant, many of which were allegedly not requested nor responsive to defendant's requests.  There is no dispute here that the Liquidators produced Bates-labeled documents responsive to the various discovery requests and search terms agreed upon by the parties, and even provided Goldberg an index linking each and every produced document to the responsive search term, as agreed upon by the parties.  *See* Shen Decl. ¶ 13 & Ex. 7.[5]

Notably, Goldberg raised this very same issue before Judge Chapman during a status conference on June 12, 2019.  Shen Decl. ¶ 11.  Judge Chapman properly denied Goldberg's demand that PPVA identify which Bates-stamp ranges are responsive to each of Goldberg's voluminous document demands.  *Id.*  Goldberg then sat on his hands for **four years**—through discovery, summary judgment practice, and post-summary judgment motions—before  re-raising this dispute in a clear attempt to see if a new judge would give him a different result.

### III.    Goldberg Misrepresents to the Court the Scope of His Third RFPs and Fails to Satisfy *His* Burden of Establishing Relevance.

In his Motion, Goldberg oversimplifies his Third RFPs, representing that they seek documents "showing (i) the value of the PPVA Warrant or Shares; or (ii) the absence of the PPVA Warrant or Shares on any list of assets, and the failure to assign any value to them."  Dkt. No. 83 at 1.  His Third RFPs go far afield of those two categories, and Goldberg has failed to satisfy his burden of establishing relevance.

---

[5] Goldberg again blatantly misrepresents that PPVA produced "only drafts" of certain documents. *See* Dkt. No. 85 at 7 n.4.  Notably, he does not and cannot identify what documents are purportedly missing.  PPVA produced all documents responsive to Goldberg's First RFPs and the parties' agreed-upon search terms, including drafts and final documents.

Indeed, Goldberg's own rebuttal theory on damages makes clear that his overly broad Third RFPs are nothing more than an effort to harass PPVA and try to (again) overturn Judge Chapman's liability finding. On summary judgment, Goldberg did not dispute that the value of the PPVA Warrant is tied to the publicly traded price of Navidea common shares, and raised issues related only to (i) the effect of the Blocker; and (ii) the effect of a 60-day restriction of the sale of those common shares **after** Goldberg exercised the PPVA Warrant. Dkt. No. 30-1 at 30-31.

On their face, neither of issues require analysis of, for example, the Liquidators' post-liquidation reports and work product (Third RFP No. 4), the Offshore Feeder Fund which the Liquidators do not control (Third RFP No. 6), or assets other than the PPVA Warrant (Third RFP Nos. 18, 19, and 22). Rather, they are properly the subject of legal and expert analysis, which PPVA has already moved forward by serving its expert report.

PPVA responds further to each of the Third RFP's discussed in Goldberg's Motion, *see* Dkt. No. 85 at 10-15, as follows:

**A.    Third RFP No. 1.**

PPVA does not dispute that, as a general proposition, documents "constituting or relating to or referring to the value of the Warrants" is properly within the scope of the limited damages discovery allowed by the Court. Goldberg, however, seeks now to improperly expand the boundaries of that request.

*First*, there is no dispute that Goldberg misappropriated the PPVA Warrant on October 17, 2016 when Mark Nordlicht—without authority—purported to assign the PPVA Warrant to him. *See* Dkt. No. 44. As a matter of law, PPVA's claim for damages is the value of the PPVA Warrant on the date it was misappropriated.

On a claim for turnover, "[t]he law is clear that where the property can be returned intact, it should be returned. Where the property has been dissipated, then its proceeds, where

identifiable, are made part of the estate." *In re P & Z Island Farms, Inc.*, 478 F. Supp. 529, 534

(S.D.N.Y. 1979). The property may be dissipated if it is sold or destroyed, or it can be dissipated

by a "dramatic decline in market value." *Id.* Where the property has dissipated – for whatever

reason – the debtor estate is entitled to recover **the original value at the time the property was**

**transferred away from the debtor.** *See id.* at 535 ("If the property has declined in value, then its

agreed-upon value at the time of transfer should be restored, with interest **from the date of**

**transfer.**") (emphasis added). As such, the valuation of PPVA's damages is tied to the date

Goldberg misappropriated the PPVA Warrant—October 17, 2016.

The valuation of the PPVA Warrant as of October 17, 2016 is resolved through (i) the

publicly traded value of the Navidea common shares underlying the PPVA Warrant on that date;

and (ii) any discounts or premiums that must be applied arising from the effect of the Blocker.

Notably, **Goldberg does not dispute that these are the issues that need to be adjudicated in**

**determining damages**. *See* Dkt. No. 30-1. Goldberg does not and cannot explain how his vastly

overbroad Third RFPs are relevant to either of these issues, which require only publicly available

information and expert analysis, and not the redundant and burdensome traipse through PPVA's

files that Goldberg now proposed.

Goldberg disputes October 17, 2016 as the proper valuation date, but, tellingly, does not

explain what valuation date he thinks should apply or why another should apply. *See* Dkt. No. 85

at 10. Goldberg's open-ended demand for documents is patently overly broad, and he has wholly

failed to satisfy his burden of explaining why any documents post-dating the date the PPVA

Warrant was transferred away from PPVA are relevant to the valuation of the PPVA Warrant on

that date.

16

*Second*, Goldberg explicitly expands the scope of Third RFP No. 1 in his Motion by now seeking "documents (i) listing the assets of PPVA, or (ii) mentioning the warrant and/or the Navidea shares underlying the warrant for any purpose, or (iii) discussing any contemplated exercise, sale, transfer or other type of disposition of the warrant or underlying Navidea shares, (iv) as well as any restrictions on PPVA's ability to do so." *See* Dkt. No. 85 at 10. Here too, Goldberg does not provide any reason how these documents would be relevant to valuation of the PPVA Warrant on the date it was transferred away from PPVA.

Goldberg, has, however, previously shown his hand: he previously demanded and then offered to the Court documents listing PPVA's assets, arguing that the absence of the PPVA Warrant from those asset listings negated PPVA's claim of ownership to the PPVA Warrant. *See generally* Dkt. No. 44 at 18-19. Judge Chapman properly rejected those arguments. Goldberg's (now expanded) Third RFP No. 1 is an obvious effort to try again with this argument, and to propel a further effort to overturn the summary judgment decision.

Goldberg's assertion that he "recently discovered official communications to stakeholders in the PPVA liquidation that are responsive to the Requests" is yet another blatant misrepresentation, and another issue already dealt with by Judge Chapman. In support of his motion for reconsideration, Goldberg submitted the very same post-liquidation periodic reports of the Liquidators that he demands now, casually asserting that he "newly discovered" them in his emails in 2022. *See* Dkt. No. 50 at 9. On that motion, Goldberg conceded that he was emailed those reports by the Liquidators at least between 2020 and 2022, and that he simply ignored them in his inbox for over two years. *Id.* Goldberg has always had the Liquidators' periodic reports in his possession, at the time they were delivered to all PPVA stakeholders. His attempt to re-open

discovery to demand documents he has had in his possession for years is nothing more than an attempt to harass the Liquidators.

Third, the documents sought both on the face of Third RFP No. 1 and in Goldberg's expanded definition of Third RFP No. 1 were captured through the parties' agreed-upon search terms. The search term "("5,411,850" OR 5411850) AND Navidea", *see* Shen Decl. Ex. 7, would indisputably have resulted in production of "documents (i) listing the assets of PPVA, or (ii) mentioning the warrant and/or the Navidea shares underlying the warrant for any purpose, or (iii) discussing any contemplated exercise, sale, transfer or other type of disposition of the warrant or underlying Navidea shares, (iv) as well as any restrictions on PPVA's ability to do so." As such, PPVA has already produced all responsive documents, to the extent they exist in PPVA's possession.

Fourth, during the parties' June 13, 2023 conference with the Court, PPVA represented that Goldberg's demand for "financial statements" was dealt with when first raised before Judge Chapman. *See* Kook Aff. Ex. 2 at 17:1-14. That is correct. *See* Dkt. No. 50 at 8 (noting Goldberg previously raised same superfluous argument).

### B.      Third RFP Nos. 4 and 6.

Judge Chapman already found that Goldberg has always had the Liquidators' post-liquidation reports in his possession, but simply ignored his own emails.[6] *See* Dkt. No. 50. This Court should not require the Liquidators to make duplicative productions of documents Goldberg

---

[6] Goldberg throws into his Motion, with no context, an assertion that PPVA failed to produce publicly available documents. *See* Dkt. No. 85 at 7. He does not identify what documents those are, and therefore it is impossible for PPVA to respond. Notably, PPVA did produce publicly available documents, including SEC filings.

Moreover, his reliance on *Au New Haven, LLC v. YKK Corp.*, No. 1:15-CV-3411-GHW, 2023 WL 2612204, at *1 (S.D.N.Y. Mar. 23, 2023) is inapposite. That case dealt with a party's purposeful withholding of indisputably responsive, relevant documents. *See generally id.*

has had access to for years, and which are sought in a transparent attempt to re-open the now resolved issue of liability.

For example, Goldberg's demands for "lists" reflecting "PPVA's possession or ownership of the PPVA Warrant or any underlying Shares" on its face seeks discovery not related to damages, but rather liability—an issue foreclosed by Judge Chapman's summary judgment decision. In any event, Goldberg concedes that Mr. Trott has *already testified under oath* that no such list exists. *See* Dkt. No. 83. PPVA, of course, cannot produce what does not exist.

Indeed, Goldberg's own Motion admits that, by demanding documents that show the *absence* of the PPVA Warrant in the Liquidators' marshalling of PPVA's assets, he is seeking to establish that "PPVA does not have a right or interest in [the PPVA Warrant]." *See* Dkt. No. 85 at 12. Goldberg has shown his hand that what he really intends to do is re-open discovery on liability. The Court should not allow him to make an end-run around Judge Chapman's summary judgment finding of liability simply because this case is now before a new judge. Indeed, Judge Chapman already dealt with this argument as well when denying Goldberg's motion for reconsideration. *See generally* Dkt. No. 50.

That Goldberg's demands are aimed at re-opening liability discovery is apparent from his own characterization of what is necessary to establish or refute damages. As discussed in detail above, Goldberg at summary judgment acknowledged that his theory of damages requires assessment of the publicly traded value of the Navidea common shares and a legal or expert opinion on the effect of the Blocker. There is simply no basis for these document demands.

Moreover, Goldberg's Third RFP No. 6 seeks documents concerning "the Offshore Feeder Fund." That is a separate Platinum fund, operated by separate liquidators, over whom PPVA's Liquidators have no control. *See generally* Dkt. No. 67.

19

**C.    Third RFP Nos. 13-16, and 17.**

The PPVA Warrant on its face explains in clear and unambiguous terms that it may not be exercised if doing so would result in PPVA holding more than 9.99% of Navidea's outstanding common shares (the "Blocker").  *See* Shen Decl. Ex. 14.  The *effect* of that Blocker, however, is a question of law and a matter for expert opinion.  Goldberg agrees.  Dkt. No. 30-1 at 30-31.  Indeed, PPVA has already submitted its expert report which opines on the impact of the Blocker on the valuation of the PPVA Warrant.

On this Motion, Goldberg does not provide any explanation as to how his demands are relevant to the interpretation of the Blocker as a matter of law and expert opinion.  Indeed, as phrased, Third RFP Nos. 13-16 and 17 explicitly seek legal and expert analysis.  Privileged legal analysis, is of course, not discoverable.  *See Riddell Sports, Inc. v. Brooks*, No. 92 CIV. 7851 (PKL), 1995 WL 20260, at *2 (S.D.N.Y. Jan. 19, 1995) (documents containing legal analysis are privileged).  PPVA has produced its expert report already.  Notably, "blocker" was a search term proposed by PPVA and run across its database.  *See* Shen Decl. Ex. 3.  And as noted above, all documents related to the PPVA Warrant were produced, and as such, documents concerning the Blocker were also produced.

**D.    Third RFP Nos. 18, 19, and 22.**

The PPVA Warrant is the **only** asset at issue in this litigation, and its valuation at the time of misappropriation is the only remaining issue herein.  Third RFP Nos. 18, 19, and 22, however, expressly seek discovery about the valuation of **other** assets.  *See* Shen Decl. Ex. 10.  Goldberg asserts in only conclusory fashion that documents about other assets are "relevant to damages and are discoverable" without even attempting to explain how.  Indeed, he cannot—documents concerning assets other than the PPVA Warrant have no impact on the valuation of the PPVA Warrant on the date that Goldberg misappropriated it from PPVA.

20

**E.      Third RFP Nos. 23, 25, 26, and 28.**

Likewise, these RFPS on their face demand production of documents and information related to assets other than the PPVA Warrant.  As discussed above, the disposition of other assets—or limitations of the disposition of other assets—have no impact on the valuation of the PPVA Warrant and Goldberg offers no basis for finding relevance to the narrow damages issue at play here.

Goldberg's Third RFP No. 23 seeks documents related to the number of Navidea securities owned by PPVA or one of its subsidiaries as of the date of filing of the lawsuit *Christopherson v. PPVA*, 15-cv-6372.  Not only is that request not relevant because it predates Goldberg's misappropriation of the PPVA Warrant by more than a year, PPVA already has produced such documents.  Indeed, "christopherson" was one of the agreed-upon search terms that PPVA previously ran in response to the First RPFs, *see* Shen Decl. Ex. 7; any responsive documents, had they existed in PPVA's possession, would have been produced years ago.

**F.      Third RFP No. 31.**

PPVA does not dispute that RFP No. 31 is relevant—indeed, it raised no such relevance objection.  But, as noted above, this exactly same RFP was verbatim propounded in Goldberg's First and Second RFPs, and, as such, PPVA has already produced all responsive documents.  Moreover, PPVA has already produced its expert report concerning the valuation of the PPVA Warrant.

**IV.    PPVA Is Entitled to a Protective Order and Recovery of Its Attorneys' Fees.**

Fed. Bankr. R. 7037 and, in turn, Fed. R. Civ. P. 37, provide that, if a motion to compel is denied, the Court may issue a protective order and **must** require the movant, the attorney filing the motion, or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees.  Fed. R. Civ. P. 37(a)(5)(B).

Here, a protective order pursuant to Fed. R. Civ. P. 26(c)(A) forbidding Goldberg from continuing to harass PPVA with overly broad discovery demands is warranted. As detailed throughout this opposition and Cross-Motion, Goldberg has sought to take advantage of the fact that a new judge has been assigned to this action in an attempt to circumvent Judge Chapman's prior rulings and re-open discovery five years into this action. That is obvious from the fact that his Third RFPs is a cut-and-paste job of many of the same discovery demands he issued four years ago; he ignores Judge Chapman's rulings which are the law of the case; misrepresents the extensive efforts by PPVA to respond to his prior discovery demands; and makes explicit in his Motion that he seeks to revisit discovery concerning liability—an issue entirely foreclosed by Judge Chapman's summary judgment decision.

Goldberg's conduct is clear abuse of the judicial process, which cannot be condoned.[7]

## **CONCLUSION**

For the foregoing reasons, PPVA respectfully requests that the Court deny Goldberg's Motion for Modification in its entirety and award PPVA its attorneys' fees incurred in connection with this Motion for Modification.

Dated: August 11, 2023
New York, New York

                                        */s    Robert J. Burns*
                                        Warren E. Gluck, Esq.
                                        Robert J. Burns, Esq.
                                        Qian (Sheila) Shen, Esq.
                                        HOLLAND & KNIGHT LLP
                                        31 West 52nd Street
                                        New York, NY 10019
                                        warren.gluck@hklaw.com
                                        robert.burns@hklaw.com
                                        qian.shen@hklaw.com
                                        Tel:    (212) 513-3200
                                        Fax:    (212) 385-9010

---

[7] PPVA reserves all rights to make a motion pursuant to Fed. R. Civ. P. 11 as needed.